UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GENERAL ELECTRIC CAPITOL CORP., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV-04-976 (RCL) |
| LIMOUSINES UNLIMITED LLC, et al. | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION**

Before the court is Defendant Cornelius J. Ellen's motion to dismiss the complaint for lack of subject matter jurisdiction. For the reasons set forth herein the court will deny Ellen's motion.

I.   STANDARD OF REVIEW

In opposing a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of persuasion to establish subject matter jurisdiction by a preponderance of the evidence. *McCutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936). A complaint may be dismissed for lack of subject matter jurisdiction only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sinclair v. Kleindienst*, 711 F.2d 291, 293 (D.C. Cir. 1983) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The court assumes the truth of the allegations made in the complaint and construes them favorably to the pleader. *Artis v. Greenspan*, 158 F.3d 1301, 1305-06 (D.C. Cir. 1998). In determining whether the

plaintiff has met his burden, the court may look to materials beyond the pleadings. *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992).

II.   BACKGROUND

Limousines Unlimited ("Limosusines") leased a bus from Edson Financial ("Edson") on August 25, 2001. To induce Edson to enter in to the lease, the individual defendants each guaranteed the lease. After signing the lease, General Electric Capital Corp. ("GECC") bought all of Edson's right, interest, and title in and to: the bus, the lease, the guaranty, and all amounts due under the lease and the guaranty.

GECC alleges that Limousines and the individual defendants have breached the lease by not making the payments and are now in default under the lease. GECC alleged damages of $81,621.42 from the breach of the lease.

Before filing the complaint, GECC repossessed the bus. After filing the complaint, GECC sold the bus and credited Limousines' balance due summary $38,400.00, which makes the total balance due under the lease $49,226.72. (Def.'s Mot. Ex. 4.)

III.   ANALYSIS

Ellen moves to dismiss the case for lack of subject matter jurisdiction. Subject matter jurisdiction in this case is based on diversity jurisdiction. Thus, the amount in controversy must be greater than $75,000. 28 U.S.C. § 1332 (2000). Since the balance due is less than $75,000, Ellen claims that the court has no jurisdiction over the case.

The amount in controversy is established at the commencement of the action. *Rosenboro v. Kim*, 994 F.2d 13 (D.C. Cir. 1993) citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283 (1938). Subsequent events that reduce the amount in controversy do not divest the

court of its jurisdiction. *Id.* A plaintiff's allegation of the amount in controversy controls if it alleged in good faith. *Id.* To show bad faith, the defendant must show to a legal certainty that the plaintiff would not be entitled to recover the jurisdictional amount under any circumstances. *Id.*

One of the terms of the lease is labeled "11. Default: Remedies" and the portion of the term that determines the amount of damages is:

> "If you are in default, at our election, we can accelerate and require that you pay as reasonable liquidated damages for loss of bargain, the "Accelerated Balance." The Accelerated balance will be equal to the total of (i) accrued and unpaid amounts, (ii) the remaining payments and (iii) the actual cost to us of the Equipment multiplied by 20%."

(Compl. Ex. 1.) The term does not discount the fair market value of the vehicle from the liquidated damages. The lease also specifies that California law governs the contract. (Compl. Ex. 1.) Under California law, a liquidated damages clause "is valid unless the party seeking to invalidate the provision establishes that the provision was unreasonable under the circumstances existing at the time the contract was made." Cal. Civ. Code § 1671 (2005). Ellen has not claimed that the clause is invalid, nor has Ellen provided evidence that the liquidated damages clause is invalid. Also, Ellen has provided no evidence that the liquidated damages could not be greater than $75,000. Without evidence to show why the clause is invalid or to show that it is a legal certainty that the liquidated damages could not meet the required amount in controversy the court must assume that the plaintiff's allegation of the amount in controversy is in good faith.

Even if the court wanted to determine that the liquidated damages clause is invalid, there is still no evidence to show to a legal certainty that the plaintiff could not recover the amount alleged. If the court invalidated the liquidated damages clause, then California defaults for lessor remedies would control. Cal. Com. Code § 10528 (2005). The default rule for a lessor that sells the personal property in question is to subtract the fair market value of renting the property for the remaining lease term from the amount of the total remaining payments. Cal. Com. Code § 10528. Ellen has provided the court with no evidence of the fair market rental value of the bus. Without this evidence the court can not determine to a legal certainty what the value of the plaintiff's claim was before the commencement of the action. Thus, the court must assume that the amount alleged by the plaintiff is in good faith.

IV.   Conclusion

For the foregoing reasons, the court will DENY the defendant's motion to dismiss in a separate order issued this date.


Signed by Royce C. Lamberth, United States District Judge, July 28, 2005.